IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

JAMES McDONALD                                                                                    PLAINTIFF

                    v.                    Civil No. 06-4039

WILLIAM MAX ELROD,
Manager, Rehkopf's Grocery;
BRUCE W. TOWNSEND,
Shift Supervisor, Rehkopf's Grocery;
SCOTT GARNER, Employee,
Rehkopf's Grocery; JUSTIN MURRAY,
Employee Rehkopf's Grocery;
ROBERT MILLER, Meat Cutter/Wrapper,
Rehkopf's Grocery; and
REHKOPF'S GROCERY                                                                        DEFENDANTS

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff's complaint was filed in the Eastern District of Arkansas on April 24, 2006. An order transferring the case to this district was entered on April 28, 2006, and the file received on May 8, 2006. Before the undersigned is the issue of whether the complaint should be served.

On May 24, 2006, the undersigned entered an order (Doc. 10) directing the plaintiff to sign and return an addendum to his complaint. The court received the addendum (Doc. 12) on June 21, 2006.

## BACKGROUND

McDonald is currently incarcerated in the Arkansas Department of Correction (ADC). He alleges his constitutional rights were violated on January 22, 2004, when he was confronted by employees of Rehkopf's Grocery.

According to McDonald, he was in the process of shopping at the grocery store and was holding several packs of meat with his jacket while trying to get a bag of charcoal when he was

-1-

stopped and assaulted by store employees. *Addendum* at ¶ 3. He alleges he escaped by bluffing his way out using a pocket knife.

No police officers were at Rehkopf's Grocery during the confrontation McDonald had with store employees. *Addendum* at ¶ 4. McDonald was charged with aggravated robbery, battery in the first degree, and battery in the second degree as a result of the incident at Rehkopf's Grocery. *Id.* at ¶ 1 & ¶ 3.

Following the incident, six store employees gave statements to the police. *Addendum* at ¶ 5. All but one of the statements was used at McDonald's criminal trial. *Id.* If the remaining statement, made by Kimberly Landsdale, had been used, McDonald contends it would have shown he was the one who was assaulted and that the other store employees committed perjury in a court of law. *Id.* McDonald states that William Max Elrod, Bruce W. Townsend, Scott Garner, Justin Murray, Robert Miller and Michael R. Murphy all testified against him at the criminal trial. *Id.* at ¶ 6. McDonald was found guilty of all charges and was sentenced to a term of imprisonment of ninety years. *Id.* at ¶ 2.

## **DISCUSSION**

McDonald's claims are subject to dismissal. A § 1983 complaint must allege that each defendant, acting under color of state law, deprived plaintiff "rights, privileges or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983. A private individual who complains of criminal conduct and is a witness for the prosecution does not act under color of law. *See e.g., Grow v. Fisher*, 523 F.2d 875, 879 (7th Cir. 1975)("The mere fact that the individual defendants were complainants and witnesses in an action which itself was prosecuted under color of law does not make their complaining or testifying other that what it was, *i.e.,* the action of private persons not acting under color of law."); *Rodgers v. Lincoln*

AO72A
(Rev. 8/82)

*Towing Service, Inc.*, 596 F. Supp. 13, 21 (N.D. Ill. 1984), *aff'd*, 771 F.2d 194 (7th Cir. 1985)(A private citizen does not act under color of law when reporting a crime).

Defendants cannot be sued under § 1983 because they are private citizens, not acting under color of state law. Moreover, the defendants are absolutely immune as witnesses in a criminal proceeding. *Briscoe v. LaHue*, 460 U.S. 325, 103 S. Ct. 1108, 75 L. Ed. 2d 96 (1983)(A witness at trial has absolute immunity from suit under § 1983 for giving false testimony damaging to a subject of that testimony).

## CONCLUSION

I therefore recommend the complaint be dismissed on the grounds that it is frivolous and fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii)(IFP action, or any portion thereof, may be dismissed on such grounds at any time).

**McDonald has ten days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. McDonald is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 22nd day of August 2006.

/s/ Bobby E. Shepherd
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)